

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00406-CV

EUGENE WATTS                                          APPELLANT

V.

FRANCIS SAURI NATHAN                                 APPELLEE

----------

### FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
### TRIAL COURT NO. 2013-006725-2

----------

## MEMORANDUM OPINION[1] AND ORDER

----------

Appellant Eugene Watts, appearing pro se, timely filed a notice of appeal from a county court at law's judgment following a de novo appeal from a small claims court's judgment. On June 8, 2015, Appellee Francis Sauri Nathan filed a motion to dismiss this appeal for lack of jurisdiction, arguing that the judgment is not appealable under Texas Government Code section 28.053.

---

[1]*See* Tex. R. App. P. 47.4.

In April 2012, when the underlying suit was filed in small claims court, Texas Government Code section 28.053, which had been amended in 2009, specifically provided that "[a] person may appeal the final judgment of the county court or county court at law on the appeal to the court of appeals." *See* Act of June 1, 2009, 81st Leg., R.S., ch. 1351, §§ 9, 14, 15, 2009 Tex. Gen. Laws 4273, 4274, 4282, *repealed by* Act of June 29, 2011, 82nd Leg., 1st C.S., ch. 3, § 5.06, 2011 Tex. Sess. Law Serv. 116, 135 (abolishing all small claims courts effective May 1, 2013).[2] Applying the proper version of section 28.053(d) of the Texas Government Code, which was in effect at the time the underlying case was filed, we hold that we have jurisdiction over Appellant's appeal. *See id.*; *Emesowum v. Morgan*, No. 14-13-00397-CV, 2014 WL 3587385, at *1 n.1 (Tex. App.—Houston [14th Dist.] July 22, 2014, pet. dism'd) (mem. op.) (stating that pursuant to 2009 changes to Texas Government Code section 28.053, pro se appellant timely filed appeal from a county court at law's judgment following a de novo appeal from a small claims court's judgment); *cf. Schull v. Seahorse Pools & Spas*, No. 02-09-00431-CV, 2010 WL 213647, at *1 (Tex. App.—Fort Worth Jan. 21, 2010, no pet.) (mem. op.) (dismissing for want of jurisdiction appeal from lawsuit originally filed in small claims court in July 2008, but noting that legislature amended section 28.053(d) in 2009 to confer jurisdiction on appellate

---

[2]The legislature later extended the date for abolishing all small claims courts to August 31, 2013.

court to review a county court at law's judgment following a de novo appeal from small claims court).

We therefore **DENY** Appellee's motion to dismiss this appeal and **ORDER** that his Appellee's brief remains due **July 6, 2015**, pursuant to our order of June 4, 2015.

The clerk of this court is directed to transmit a copy of this memorandum opinion and order to Appellant, the attorneys of record, the trial court, the court reporter, and the trial court clerk.

PER CURIAM

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED:  July 2, 2015